# Court of Appeals
# of the State of Georgia

ATLANTA,   May 10, 2012

*The Court of Appeals hereby passes the following order:*

**A12A1705.  WILLIE TELLS v. THE STATE.**

Willie Tells pled guilty to aggravated assault in 2009 and was sentenced to 20 years incarceration.  Over two years later, Tells moved to vacate his sentence, asserting that it is invalid because the trial court failed to hold a presentence hearing. The trial court denied the motion, and Tells filed this appeal.

We lack jurisdiction.  A direct appeal lies from the denial of a motion to vacate a void sentence when the defendant raises a colorable claim that the sentence is, in fact, void or illegal.  See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence, however, is void only if the trial court imposes punishment that the law does not allow.  *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). "Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void." (Citation and punctuation omitted.)  *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010).

Tells does not contend that his sentence exceeds the legal limits.  Instead, he argues that the trial court erred in sentencing him without a presentence hearing. This type of procedural argument does not raise a valid or colorable void sentence claim. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004); *Coleman*, supra. Accordingly, we lack jurisdiction to consider Tells's appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,* __05/10/2012__
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*