# Court of Appeals
# of the State of Georgia

ATLANTA,　June 06, 2012

*The Court of Appeals hereby passes the following order:*

**A12A1868.　STEVE USHER v. THE STATE.**

In 1997, Steve Usher was convicted of trafficking and selling cocaine and sentenced to life imprisonment. We affirmed his convictions on appeal. *Usher v. State*, 236 Ga. App. 663 (512 SE2d 380) (1999). He later filed motions for out-of-time appeal and to vacate a void judgment and conviction. The trial court denied both motions, and Usher appeals.

"An out-of-time appeal is a judicial creation that serves as the remedy for a frustrated right of appeal. It is the means by which a criminal defendant who lost his right to direct appeal of his criminal conviction due to counsel's negligence, ignorance, or misinterpretation of the law may gain that appellate review." *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002). Because Usher has already had a direct appeal from his conviction and sentence, he was not entitled to an out-of-time appeal. The trial court's denial of his motion for such unauthorized relief presents nothing for this Court to review.

With regard to Usher's motion to vacate a void judgment and conviction, the Supreme Court has held that a post-conviction motion to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is

void only when the trial court imposes punishment that the law does not allow. See *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).

Usher argues that his sentence is void because the state failed to notify him that it intended to seek a life sentence. However, "[a]ssertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void . . ." *Coleman v. State*, 305 Ga. App. 680 (700 SE2d 668) (2010). Usher also contends that his sentence is void because the trial court mistakenly believed that imposition of a life sentence was mandatory, but a review of the sentencing transcript shows that the trial court understood it had the discretion to impose life *or* a lesser sentence. Thus, Usher has not raised a colorable void-sentence claim.

For these reasons, this appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 06/06/2012
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

, *Clerk.*