# Court of Appeals
# of the State of Georgia

ATLANTA,   January 08, 2013

*The Court of Appeals hereby passes the following order:*

**A13A0816.  DEXTER EARL RAGLAND v. THE STATE.**

In 2010, Dexter Earl Ragland pled guilty to theft by receiving stolen property, reckless driving, and fleeing and attempting to elude.  Ragland was sentenced as a recidivist to twenty years, five to serve and the balance suspended.  In 2012, Ragland filed a motion to vacate void sentence, asserting that the sentence pronounced in court was not the same as the sentence reflected in the final disposition.  The trial court denied the motion, and Ragland appealed.

A direct appeal lies from the denial of a motion to correct a void sentence when the defendant raises a colorable claim that the sentence is, in fact, void or illegal.  See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  However,

> [a] sentence is only void when the trial court imposes a punishment that the law does not allow. When the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification beyond that provided in OCGA § 17-10-1 (f). Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void and therefore are not a means for post-appeal, post-OCGA § 17-10-1 (f) sentence modification. Rather, a petition for writ of habeas corpus is the means for seeking sentence review for such allegations.[1]

---

[1] (Citation and punctuation omitted.) *Coleman v. State*, 305 Ga. App. 680 (700 SE2d 668) (2010).

Here, Ragland does not argue that his sentence falls outside the permissible range of punishment. Accordingly, he has not raised a colorable void-sentence claim, and this appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 01/08/2013
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*