# Court of Appeals
# of the State of Georgia

ATLANTA,  January 23, 2013

*The Court of Appeals hereby passes the following order:*

**A13A0944.  ANGEL WILFREDO TAVAREZ v. THE STATE.**

In 2007, Angel Wilfredo Tavarez pled guilty to aggravated child molestation. He later filed a motion for out-of-time appeal, which the trial court denied.  Tavarez appealed to this Court, but we affirmed in an unpublished opinion. *Tavarez v. State*, Case No. A12A1675, decided October 16, 2012.  Tavarez then filed a "Motion to Vacate Void Judgment," arguing that he had received ineffective assistance of counsel, that his 20-year sentence was cruel and unusual, and that he should have had a competency hearing.  The trial court denied the motion, and Tavarez again appeals.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  Any appeal from an order denying or dismissing such a motion must be dismissed.  See id.; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).  A direct appeal may lie from an order denying a motion to correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper*, supra at 217 n. 1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court imposes punishment that the law does not allow.  *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). "[A]ssertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void. . . ." (Citation omitted.)  *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010); see also *Jones v. State*, 278 Ga. 669 (604 SE2d 483) (2004).

Tavarez's claims of effective assistance of counsel and denial of a competency hearing address the validity of his conviction, and the trial court's rejection of those

claims is not appealable.  See *Harper*, supra.  His claim concerning the fairness of his sentence does not raise a valid void-sentence claim, as he does not contend that his sentence exceeded the maximum allowed for the crime to which he pled guilty.

Accordingly, this appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
         *Clerk's Office, Atlanta,* 01/23/2013
         *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
         *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*