# Court of Appeals
# of the State of Georgia

ATLANTA,  January 30, 2013

*The Court of Appeals hereby passes the following order:*

**A13A0960.  STEVEN ARTHUR ROWE v. THE STATE.**

On April 21, 2011, the trial court entered judgment on Steven Arthur Rowe's guilty plea to five counts of child molestation, two counts of aggravated child molestation, and one count of aggravated sexual battery.  Rowe filed his pro se "Motion to Vacate Sentence and to Exercise Constitutional Rights" on September 18, 2012.  The trial court denied the motion in an order entered October 30, 2012, and Rowe filed his notice of appeal therefrom on November 28, 2012.

The denial of a motion to vacate a void sentence may be directly appealed if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216 n.1 (686 SE2d 786) (2009); *Williams v. State*, 271 Ga. 686, 689 (523 SE2d 857) (1999).  "A sentence is void if the court imposes punishment that the law does not allow." *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). We look to substance rather than nomenclature in determining whether a purported motion to correct or vacate a void sentence is in fact such a motion.  *Coleman v. State*, 305 Ga. App. 680 (700 SE2d 668) (2010).

Here, Rowe does not argue that his sentence exceeded the bounds allowable under the law.  Instead, he claims that his "[s]entence is void via invalid arrest warrants and lack of jurisdiction thereof" and that the issues raised "would lead to a dismissal of his conviction" in light of violations of his Fourth Amendment rights. In substance, Rowe seeks to attack the validity of his conviction. Accordingly, notwithstanding nomenclature, Rowe's motion is a post-conviction motion to set aside or vacate his conviction.  Such a motion is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the

trial court's ruling thereon must be dismissed. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); see also *Harper*, supra at 218 (2).

In his notice of appeal, Rowe also seeks to directly appeal from his final judgment of conviction and sentence. However, his notice of appeal is untimely as to that judgment. To be timely, a notice of appeal must be filed within 30 days of entry of the order on appeal. See OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. See *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721 (482 SE2d 704) (1997). Rowe's notice of appeal was filed 587 days after the entry of his judgment of conviction.

For the foregoing reasons, we lack jurisdiction to consider Rowe's appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 01/30/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*