# Court of Appeals
# of the State of Georgia

ATLANTA,___ June 19, 2013_____

*The Court of Appeals hereby passes the following order:*

**A13A1943.  DAMIEN C. BERNARD v. THE STATE.**

In 2005, Damian C. Bernard pled guilty to armed robbery and was sentenced to 20 years, and his conviction was affirmed on appeal.  See *Bernard v. State*, Case No. A06A2264 (decided Nov. 28, 2006).  In 2013, Bernard filed a "Motion to Set Aside Conviction and Sentence" alleging that his indictment was deficient and that the 20 year sentence constituted "cruel and unusual punishment."  The trial court denied the motion, and Bernard appeals.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  Any appeal from an order denying or dismissing such a motion must be dismissed.  See id.; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).  A direct appeal may lie from an order denying a motion to correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal.  See *Harper*, supra at 217 n. 1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). "[A]ssertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void . . ." (Citation omitted.)  *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010); see also *Jones v. State*, 278 Ga. 669 (604 SE2d 483) (2004). Because Bernard has not raised a colorable claim that his sentence is void, this appeal is hereby DISMISSED.

We note that, including his direct appeal, this is the seventh action Bernard has

filed in this Court.[1]  In this appeal, Bernard seeks to re-litigate issues already decided by this Court. Accordingly, this appeal is frivolous. OCGA § 42-12-7.2 provides:

> In no event shall a prisoner file any action in forma pauperis in any court of this state if the prisoner has, on three or more prior occasions while he or she was incarcerated or detained in any facility, filed any action in any court of this state that was subsequently dismissed on the grounds that such action was frivolous or malicious, unless the prisoner is under imminent danger of serious physical injury.

We thus caution Bernard that if he continues to file meritless pleadings, he may find future claims barred by OCGA § 42-12-7.2.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 06/19/2013
    *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] See Case Numbers A11D0441, A12A1189, A12A0718, A12A0719, A12D0055.