# Court of Appeals
# of the State of Georgia

ATLANTA,      April 30, 2014

*The Court of Appeals hereby passes the following order:*

**A14A1312. JAMES WRIGHT v. THE STATE.**

After pleading guilty to three counts of child molestation, James Wright was sentenced to twenty years, 15 years in prison and five years on probation. Five years later he filed a motion to vacate his sentence, arguing that the trial court erroneously failed to consider whether he was competent to enter a guilty plea. The trial court denied the motion, and Wright now appeals.[1] We, however, lack jurisdiction.

A direct appeal lies from the denial of a motion to correct a void sentence when the defendant raises a colorable claim that the sentence is, in fact, void or illegal.  See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  However,

> [a] sentence is only void when the trial court imposes a punishment that the law does not allow. When the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification beyond that provided in OCGA § 17-10-1 (f). Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void and therefore are not a means for post-appeal, post-OCGA § 17-10-1 (f) sentence modification. Rather, a petition for writ of habeas corpus is the means for seeking sentence review for such allegations.

---

[1] Wright also filed an application for discretionary appeal from the trial court's order. We dismissed that application as untimely. See *Wright v. State*, Application Number A14D0267 (dismissed March 31, 2014).

(Punctuation omitted.) *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010). Because Wright does not argue that his sentence exceeded legal limits, he does not state a valid "void sentence" claim. We therefore DISMISS his direct appeal for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 04/30/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*