# Court of Appeals
# of the State of Georgia

ATLANTA,___August 11, 2014___

*The Court of Appeals hereby passes the following order:*

**A14A2026. JERRY KUNTAKYNITA WICKER v. THE STATE.**

In 2010, Jerry Kuntakynita Wicker pled guilty to two counts of sale of cocaine, and was sentenced to a total of 30 years. In 2014, Wicker filed a "Motion to Modify Sentence." The trial court dismissed the motion, and Wicker appeals. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had when Wicker filed his motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

A direct appeal lies from the denial of a motion to correct a void sentence when the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Burg*, supra at 119. However,

> [a] sentence is only void when the trial court imposes a punishment that the law does not allow. When the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification beyond that provided in OCGA § 17-10-1 (f). Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void and therefore are not a means for post-appeal, post-OCGA § 17-10-1 (f) sentence modification. Rather, a petition for

writ of habeas corpus is the means for seeking sentence review for such allegations.

(Punctuation omitted.) *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010). Here, Wicker's 30-year sentence is within the statutory range for his offenses. See OCGA § 16-13-30 (d). He does not argue that his sentence exceeded legal limits, but instead contends that he should not have been considered a recidivist. This is not a colorable "void sentence" claim. See *Coleman*, supra. We therefore DISMISS his direct appeal for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 08/11/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*