# Court of Appeals
# of the State of Georgia

ATLANTA,  September 18, 2014

*The Court of Appeals hereby passes the following order:*

## A15A0114.  ROSCOE POWERS v. THE STATE.

In April 2007, Roscoe Powers pled guilty to several offenses, including armed robbery. In December 2012, Powers filed a motion to vacate his allegedly void conviction and sentence, asserting that he was coerced into pleading guilty. The trial court denied Powers's motion on October 30, 2012, and Powers filed a notice of appeal from this ruling on December 6, 2012. We lack jurisdiction.

First, to be timely, a notice of appeal must be filed within 30 days after entry of the appealable order. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. See *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). Because Powers did not file his notice of appeal until 37 days after entry of the order he seeks to appeal, his appeal is untimely.

Second, an appeal from an order denying or dismissing a challenge to an allegedly void conviction is subject to dismissal. See *Williams v. State*, 287 Ga. 192 (695 SE2d 244) (2010). A direct appeal may lie from the denial of a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is void. See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only when the trial court imposes a punishment that the law does not allow; assertions taking issue with the procedure employed in imposing the sentence do not constitute colorable void sentence claims. See *Coleman v. State*, 305 Ga. App. 680 (700 SE2d 668) (2010). Here, Powers does not allege any void sentence claim. He takes issue with the procedure employed in obtaining his guilty plea. Accordingly, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* 09/18/2014

  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ *, Clerk.*