# Court of Appeals
# of the State of Georgia

ATLANTA,____March 26, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15A0870. CARDELL ABRAMS v. THE STATE.**

On October 25, 2005, Cardell Abrams entered a negotiated guilty plea to multiple counts of armed robbery, kidnapping, and possession of a weapon during the commission of a felony. He also pled guilty to rape, aggravated sodomy, and other crimes. Although Abrams faced a possible sentence of eight life sentences plus 245 years, the trial court sentenced Abrams to 35 years to serve 25. Years later, Abrams filed a pro se Motion for Ineffective Assistance of Counsel and motion for Evidentiary Hearing. The trial court denied the motion, Abrams appealed, and we dismissed the appeal, finding that the order was not directly appealable. *Abrams v. State*, Case No. A07A2361 (dismissed Aug. 1, 2007). In 2014, Abrams filed a "Motion for Relief of Judgment," arguing procedural issues with his indictment. The trial court denied the motion, and Abrams filed this direct appeal. We lack jurisdiction.

An appeal from an order denying or dismissing a challenge to an allegedly void conviction is subject to dismissal. See *Williams v. State*, 287 Ga. 192 (695 SE2d 244) (2010). However, a direct appeal may lie from the denial of a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is void. See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only when the trial court imposes a punishment that the law does not allow; assertions taking issue with the procedure employed in imposing the sentence do not constitute colorable void sentence claims. See *Coleman v. State*, 305 Ga. App. 680 (700 SE2d 668) (2010). Here, Abrams does not allege any void sentence claim. He takes issue

with his indictment. Accordingly, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
            *Clerk's Office, Atlanta,*_____03/26/2015_____
            *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
            *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*