# Court of Appeals
# of the State of Georgia

ATLANTA,    May 20, 2015

*The Court of Appeals hereby passes the following order:*

**A15A1553, A15A1554, A15A1555.  PASCAUL FELICIANO v. THE STATE.**

In 2005, Pascaul Feliciano pled guilty to several offenses, including trafficking heroin, and he received a 25-year sentence.  Feliciano has now filed three appeals from rulings in his criminal case.

In case number A15A1554, Feliciano appeals from his 2005 judgment of conviction.  We lack jurisdiction to consider this appeal because it is untimely.  See OCGA § 5-6-38 (a) (notice of appeal must be filed within 30 days of the order or judgment to be challenged).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court. *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721 (482 SE2d 704) (1997).  Feliciano's judgment was entered in March 2005, and he filed his notice of appeal in October 2014 – more than nine years later.

In case number A15A1555, Feliciano appeals from the trial court's order denying his void-sentence motion.  We lack jurisdiction because Feliciano did not raise a colorable argument that his sentence is void.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010). Once this statutory period expires, as it had here when Feliciano filed his motion, a trial court may modify a sentence only if it is void.  See id.  A sentence is void only if it imposes punishment that the law does not allow. *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). "Assertions taking issue with the

procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void." (Citation and punctuation omitted.) *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010).

In his motion, Feliciano alleged that his sentence is void because the trial court considered evidence of untried offenses when it imposed his sentence. This is a challenge to the procedures employed in the imposition of his sentence, not an assertion that the sentence exceeds the statutory maximum. Accordingly, it is not a colorable void-sentence argument, and Feliciano is not entitled to appellate review of the trial court's order denying his motion. See id. (because the defendant's motion did not present a colorable claim of voidness, he is not entitled to appellate review of the trial court's denial of his motion).

Finally, in case number A15A1553, Feliciano appeals from the trial court's order denying him permission to proceed in forma pauperis on appeal from the denial of his void-sentence motion. This issue is moot in light of our dismissal of that appeal.

For these reasons, we lack jurisdiction to consider Feliciano's appeals, and they are hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,_____05/20/2015_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.