# Court of Appeals
# of the State of Georgia

ATLANTA,___June 23, 2015_____

*The Court of Appeals hereby passes the following order:*

## A15A1635. DARRELL SIMPSON v. THE STATE.

In September 2001, Darrell Simpson was convicted of, among other charges, armed robbery, aggravated assault, kidnapping with bodily injury, and obstruction of an officer. We affirmed his convictions on appeal. *Simpson v. State*, Case No. A02A1592 (decided August 30, 2002). Simpson then filed a motion for an out-of-time appeal and extraordinary motion for new trial. The trial court denied those motions, and we dismissed Simpson's appeal on the ground that he was not entitled to a second appeal of the same judgment of conviction and his first appeal was *res judicata*. *Simpson v. State*, Case No. A08A1078 (decided February 19, 2008). In September 2014, Simpson filed a motion to correct a void sentence. The trial court denied the motion, and Simpson filed this direct appeal. We lack jurisdiction.

A direct appeal may lie from the denial of a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is void. See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only when the trial court imposes a punishment that the law does not allow; assertions taking issue with the procedure employed in imposing the sentence do not constitute colorable void sentence claims. See *Coleman v. State*, 305 Ga. App. 680 (700 SE2d 668) (2010).

Here, Simpson does not allege any colorable void sentence claim. He claims the trial court erred in sentencing him because the State failed to prove kidnapping with bodily injury beyond a reasonable doubt, provide certified copies of "prior guilty transcripts," and make a showing of which subsection of the recidivist statute applied. None of these arguments raises a valid void sentence claim. The only argument potentially raising such a claim is Simpson's assertion that the trial court erred in

sentencing him to a concurrent "and" consecutive sentence for obstruction of an officer, rather than a concurrent "or" consecutive sentence. However, the record shows that the trial court ordered Simpson to serve five years "running concurrent with count 3 and consecutive to count 2" for the obstruction conviction. This sentence does not impose punishment that the law does not allow. Because Simpson does not raise a valid void sentence claim, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,_____06/23/2015_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*