# Court of Appeals
# of the State of Georgia

ATLANTA, __September 09, 2015__

*The Court of Appeals hereby passes the following order:*

**A16D0005. CHARLES EDWIN MASON v. THE STATE.**

In 2013, a jury found Charles Edwin Mason guilty of one count of burglary, one count of criminal trespass, two counts of possession of tools for the commission of a crime, one count of felony theft by taking, and two counts of forgery in the second degree. His convictions were affirmed on appeal, and the remittitur was dated September 29, 2014. *Mason v. State*, 325 Ga. App. 609 (754 SE2d 397) (2014). Mason subsequently filed a pro se motion to vacate a void judgment, which the trial court denied. On January 28, 2015, we dismissed Mason's application for discretionary appeal from that order. See Case No. A15D0223. Mason then filed a pro se motion to correct sentence, which the trial court denied. This application seeks review of the trial court's denial of that motion. We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had here when Mason filed his motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). And a sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). "Assertions taking

issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void." *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010).

Here, Mason does not argue that his sentence exceeds the most severe punishment for which the applicable penal statute provides. Rather, he argues that his sentence should be corrected because the trial court failed to exercise discretion in sentencing him. Mason, however, was sentenced as a recidivist, and under the recidivist statute, "the trial judge *may, in his or her discretion*, probate or suspend the maximum sentence prescribed for the offense." (Emphasis supplied.) OCGA § 17-10-7 (a). Mason also asserts that his sentence constitutes cruel and unusual punishment and should be reduced because the legislature subsequently reduced the maximum sentence in his type of burglary case, see OCGA § 16-7-1 (c), but he has pointed to no evidence showing that the legislature intended any revised sentencing guidelines to be applied retroactively. Mason does not argue that his sentence exceeds the statutory maximum in existence at the time he was sentenced for his offenses, and "[t]he universal and well-settled rule of statutory construction is that legislative enactments are not intended to operate retroactively unless there is a clear directive that they do so, and that persons who commit crimes are to be convicted and sentenced under the laws that existed at the time the crimes were committed." *Humphrey v. Wilson*, 282 Ga. 520, 528 n. 41 (3) (c) (652 SE2d 501) (2007) (citations and punctuation omitted).

Because Mason has not raised a valid void-sentence claim, we may not consider his application. See *Harper v. State*, 286 Ga. 216, 217 (1) (686 SE2d 786) (2009). Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*___09/09/2015___
*I certify that the above is a true extract from*
the minutes of the Court of Appeals of Georgia.
*Witness my signature and the seal of said court*
hereto affixed the day and year last above written.

_____, *Clerk.*