# Court of Appeals
# of the State of Georgia

ATLANTA,  January 15, 2016

*The Court of Appeals hereby passes the following order:*

**A16A0717. GERRADO LUIS GUZMAN v. THE STATE.**

In 2002, Gerrado Luis Guzman was found guilty of numerous offenses, including two counts of first degree vehicular homicide and five counts of furnishing alcohol to minors, and his convictions were affirmed on appeal.[1] See *Guzman v. State*, 262 Ga. App. 564 (586 SE2d 59) (2003). Guzman subsequently filed a motion to vacate a void sentence, which the trial court denied. Guzman appeals this ruling.

An appeal may lie from an order denying a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). However,

> [a] sentence is only void when the trial court imposes a punishment that the law does not allow. When the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification beyond that provided in OCGA § 17-10-1 (f).

*Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010) (punctuation omitted).

Here, Guzman was sentenced as follows: 15 years confinement on each of two vehicular homicide convictions, to run consecutively, and 12 months on five

---

[1] In 2010, Guzman filed a motion to vacate a void conviction, which the trial court denied. Guzman appealed this ruling, which we dismissed for lack of jurisdiction. See Case Number A10A2047, dismissed Sept. 1, 2010.

misdemeanor charges for furnishing alcohol to a minor to run consecutively, for a total sentence of 35 years with 30 to be served in prison. The maximum sentence for a person convicted of vehicular homicide is 15 years. See OCGA § 40-6-393 (a). Thus, the sentences for vehicular homicide are not void. Guzman also contends that the trial court could only sentence him to a maximum of six months for furnishing alcohol to a minor. Under OCGA § 3-3-23.1 (b) (1), however, a 12-month sentence is permitted for the offense of knowingly or intentionally acting as an agent to purchase or acquire alcoholic beverages for persons under 21 years of age, which is what Guzman is alleged to have done. See OCGA §§ 3-3-23 (a) (1), 3-3-23 (b) (1) & 17-10-3 (a). Accordingly, because Guzman's sentence was lawful, we lack jurisdiction to consider his void sentence claim. This appeal is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _____ 01/15/2016 _____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*