# Court of Appeals
# of the State of Georgia

ATLANTA,___July 28, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16A2007.  DAVIS v. THE STATE.**

Kenneth Davis filed this direct appeal from the trial court's order denying his "Petition to Vacate Void Conviction and Illegal Sentence Due to Double Jeopardy, Structural Error and Substantive Due Process Violations." We, however, lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction [is] not an appropriate remedy in a criminal case[,]" and any appeal from an order denying such a motion must be dismissed. *Harper v. State*, 286 Ga. 216, 217 (686 SE2d 786) (2009). A direct appeal lies from an order denying or dismissing a motion to correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper*, supra at 217, n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only when the trial court imposes punishment that the law does not allow. See *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).

Here, Davis does not contend that his sentence falls outside the statutory range.[1] Instead, his arguments, which mostly pertain to the ineffectiveness of his trial counsel in rejecting a plea deal, do not constitute a valid void sentence claim. See

---

[1] From the limited material transmitted with this appeal, we cannot ascertain what sentence was entered.

*Coleman v. State*, 305 Ga. App. 680 (700 SE2d 668) (2010). Under these circumstances, we lack jurisdiction to review the trial court's order. Accordingly, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,_____07/28/2016_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____*Stephen E. Castlen*_____, *Clerk.*