# Court of Appeals
# of the State of Georgia

ATLANTA, __October 14, 2016__

*The Court of Appeals hereby passes the following order:*

## A17A0354.  ROBERT GEORGE SANDERS, JR. v. THE STATE.

In 2011, Robert George Sanders, Jr. pled guilty to robbery,[1] for which he was sentenced to twenty years, with fifteen years to serve in prison, and aggravated assault, for which he was sentenced to ten years' probation to be served consecutively to his sentence for robbery.  In 2016, Sanders filed a "Motion to Correct an Illegal and/or Void Sentence," which the trial court dismissed.  Sanders seeks a direct appeal from the trial court's order.  We, however, lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).  A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper*, 286 Ga. at 217, n. 1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  When

---

[1] Sanders was charged with armed robbery, but pled guilty to the lesser included offense of robbery.

a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

In his motion, Sanders does not contend his sentences fall outside the statutory range. Instead, Sanders alleges that his aggravated assault conviction is void, the indictment was defective, there was double jeopardy violation, and his counsel was ineffective. Sanders's challenges are challenges to the validity of his convictions, not his sentences. See *Jones v. State*, 290 Ga. App. 490, 493-494 (1), (2) (659 SE2d 875) (2008) (challenge to validity of indictment is challenge to conviction, not sentence); *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010) (ineffective assistance of trial counsel does not constitute a valid void sentence claim). Because Sanders has not raised a valid void-sentence claim, we lack jurisdiction to consider his appeal. See *Harper*, 286 Ga. at 218 (2). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*_____10/14/2016_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*