# Court of Appeals
# of the State of Georgia

ATLANTA,  August 23, 2017

*The Court of Appeals hereby passes the following order:*

**A17A2010.  JOHN MICHAEL WIGGINTON v. THE STATE.**

John Wigginton pled guilty to two counts of aggravated battery and one count of battery under the Family Violence Act.  This is Wigginton's third appearance before this Court. Previously, we dismissed Wigginton's appeal from the trial court's denial of his motion for reconsideration of the trial court's order denying his motion to withdraw his guilty plea.  See Case No. A16A0437 (decided December 7, 2015). We also dismissed as untimely Wigginton's appeal from the denial of his motion for an out-of-time appeal.  See Case No. A17A0432 (decided October 25, 2016).  In March 2017, Wigginton filed a motion challenging the sentencing process in his case. The trial court denied the motion, and Wigginton filed a notice of appeal therefrom. We, however, lack jurisdiction.

Wigginton appears to argue that his sentence should be vacated because the offenses to which he pled guilty should have been merged.   Wigginton's merger claim is a challenge to his convictions, not his sentences, and thus does not state a valid void-sentence claim.  See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010).  Wigginton did not argue that his sentence exceeded the bounds allowable under the law, but that it was based upon evidence that should not have been introduced at the sentencing hearing.  "[A]ssertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void . . ." (Citation omitted.) *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010); see also *Jones v. State*, 278 Ga. 669 (604 SE2d 483) (2004).  Because Wigginton has not raised a colorable void-sentence claim, we lack jurisdiction to consider his appeal.  See *Harper v. State*,

286 Ga. 216, 218 (2) (686 SE2d 786) (2009). Moreover, to the extent that Wigginton's motion could be construed as seeking to vacate or modify his convictions, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," id. at 218 (1), and any appeal from an order denying or dismissing such a motion must be dismissed. See id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  08/23/2017*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ , *Clerk.*