# Court of Appeals
# of the State of Georgia

ATLANTA,  January 10, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0698. CESAR SOLIS v. THE STATE.**

Cesar Solis was originally charged with one count of rape. At trial, Solis's counsel requested and received a jury instruction on statutory rape. The jury acquitted Solis of rape and found him guilty of statutory rape. We affirmed the denial of his motion for new trial in an unpublished opinion. See *Solis v. State* (Case No. A22A0154, decided Mar. 1, 2022). Subsequently, Solis filed a pro se "Motion to Vacate Void Sentences," in which he argued that his 20-year sentence for statutory rape was "void ab initio" because statutory rape is not a lesser-included offense of rape, that his appellate counsel was ineffective for not raising this error in his direct appeal, and that the trial court was required to sentence him to a split sentence under OCGA § 17-10-6.2 (b). The trial court resentenced Solis to 20 years with 19 to serve, but otherwise denied the motion. Solis then filed this appeal, challenging only the trial court's order denying his motion to vacate void sentence.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper v. State*, 286 Ga. 216, 217 n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). "Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do

not allege a sentence is void." *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010) (citation and punctuation omitted).

Here, Solis urges that because statutory rape is not a lesser-included offense of rape, his sentence "is the fruit of the poison[ed] conviction," and must be vacated as "punishment which the law does not allow." Although Solis contends that this argument "address[es] the sentence and not the conviction," this is a challenge to the procedures employed in the imposition of his sentence, not an assertion that the sentence exceeds the statutory maximum. Accordingly, it is not a colorable void-sentence argument, and Solis is not entitled to appellate review of the trial court's order denying his motion. See *Coleman*, 305 Ga. App. at 680-681.

Our Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Because Solis has not raised a colorable void-sentence claim and is not authorized to collaterally attack his conviction in this manner, this appeal is hereby DISMISSED. See id.; *Harper* 286 Ga. 216, at 218 (1) and (2).



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,__01/10/2023_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_____, *Clerk.*