### A08A1041. BURG v. THE STATE.
(676 SE2d 465)

JOHNSON, Presiding Judge.

In November 1989, Daniel James Burg pled guilty to three counts of aggravated child molestation, and the trial court sentenced him to a total of 30 years in prison. Almost eight years later, Burg moved to correct his "void sentence," arguing that the trial court enhanced the sentence based on false and erroneous information. The trial court denied the motion, and Burg appeals. For reasons that follow, we lack jurisdiction to consider Burg's arguments. We are compelled, therefore, to dismiss his appeal.

The General Assembly has established a specific time frame during which a trial court has jurisdiction to freely modify a criminal sentence. Under OCGA § 17-10-1 (f), a court may correct or reduce a sentence during the year after its imposition, or within 120 days after remittitur following a direct appeal, whichever is later. Once this statutory period expires, a trial court may only modify a void sentence.[1]

"A sentence is void if the court imposes punishment that the law

---

[1] *Grant v. State*, 289 Ga. App. 230, 236 (5) (656 SE2d 873) (2008).

[2] See generally *Young v. Faulkner*, 251 Ga. App. 847, 848 (555 SE2d 221) (2001).

[1] *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

does not allow."[2] To support a motion for sentence modification filed outside the statutory time period, therefore, a defendant must demonstrate that the sentence imposes punishment not allowed by law. Moreover, a direct appeal does not lie from the denial of such motion unless it raises a colorable claim that the sentence is, in fact, void.[3] Allegations that merely challenge the sentencing procedure or question the fairness of a sentence do not implicate voidness and cannot form the basis for a direct appeal.[4]

Burg filed his motion well outside the time period specified in OCGA § 17-10-1 (f). We must consider, therefore, whether his claims involve a void sentence or merely raise questions about the sentencing procedure or fairness. Burg concedes that his sentence is within the applicable penalty range. Nevertheless, he insists that it is void because the prosecution introduced "erroneous and inflammatory" information at the sentencing hearing, causing the judge to greatly enhance the penalty. According to Burg, the state falsely argued that he had penetrated the molestation victim, when the indictment alleged no penetration. Burg also alleges that the state informed the trial court that he had AIDS and improperly suggested that he wilfully exposed the victim to the disease, passing on a "death sentence."

On appeal, Burg cites several cases holding that a void sentence results when the trial court admits evidence of an illegal prior conviction at the sentencing hearing.[5] He argues, based on these cases, that the admission of *any* improper evidence at sentencing voids the sentence. The cited cases, however, specifically involve the use of illegal convictions in aggravation of sentencing. They do not address other types of allegedly improper evidence, such as the prosecutorial statements at issue here, and we refuse to extend these cases beyond their facts.

Burg also claims that his sentence is void under a line of United States Supreme Court cases beginning with *Apprendi v. New Jersey.*[6] The *Apprendi* Court held that any fact other than a prior conviction "that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[7] Noting that the prosecutor's statements were neither reflected in a jury verdict nor admitted by him, Burg argues

[2] (Citations and punctuation omitted.) Id.
[3] *Reynolds v. State*, 272 Ga. App. 91, 95 (3) (611 SE2d 750) (2005).
[4] *Jones*, supra at 670-671.
[5] See, e.g., *Ayers v. State*, 181 Ga. App. 244, 250 (4) (b) (351 SE2d 692) (1986), disapproved on other grounds, *Anderson v. State*, 267 Ga. 116, 119 (2), n. 4 (475 SE2d 629) (1996).
[6] 530 U. S. 466 (120 SC 2348, 147 LE2d 435) (2000).
[7] Id. at 490 (IV).

that the trial court violated *Apprendi* by considering them. We disagree.

"[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."[8] Burg admitted the facts alleged in the indictment through his guilty plea, and he concedes that his sentence falls within the appropriate statutory range. Simply put, he was not given an "enhanced" sentence beyond the maximum penalty. The *Apprendi* rationale, therefore, does not apply.

Finally, Burg argues that due process and fundamental fairness require that he be resentenced, given the prosecutor's misconduct. We certainly do not condone prosecutorial misstatements at a sentencing hearing. But even if Burg's allegations are true, they raise questions about "erroneous procedure or unfair treatment."[9] They do not establish a void sentence. As our Supreme Court has noted, "a petition for writ of habeas corpus is the means for seeking sentence review for such allegations."[10]

Without dispute, Burg was sentenced within the appropriate statutory range, and he moved to correct his sentence well after the statutory period for sentence modification expired. Although he now seeks to characterize the sentence as "void," his allegations do not raise a colorable claim of voidness. Accordingly, the trial court's denial of Burg's motion is not subject to a direct appeal, and we must dismiss.[11]

*Appeal dismissed. Ellington and Mikell, JJ., concur.*

DECIDED MARCH 27, 2009 ▪

*McNeill Stokes*, for appellant.

*T. Joseph Campbell, District Attorney, Richard A. Hull, Assistant District Attorney*, for appellee.

---

[8] (Emphasis omitted.) *Blakely v. Washington*, 542 U. S. 296, 303 (II) (124 SC 2531, 159 LE2d 403) (2004).

[9] *Jones*, supra at 671.

[10] Id. at 671.

[11] Id.; *Reynolds*, supra.