# Court of Appeals
# of the State of Georgia

ATLANTA,   January 08, 2013

*The Court of Appeals hereby passes the following order:*

## A13A0838. ROBERT JAY DAVIS v. THE STATE.

On September 6, 2011, Robert Jay Davis pled guilty to aggravated stalking and escaping from lawful custody. More that a year later on October 5, 2012, Davis filed a pro se motion to vacate his sentence, arguing that the indictment contained a fatal variance. The trial court denied the motion, and Davis filed this appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may correct or reduce a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, a trial court may modify a sentence only if it is void. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). "A sentence is void if the court imposes punishment that the law does not allow." (Punctuation omitted.) Id. Therefore, in order to support a motion for sentence modification filed outside the statutory time period of OCGA § 17-10-1 (f), a defendant must demonstrate that the sentence imposes punishment not allowed by law. *Frazier*, supra. Davis has not done so.

Although Davis's motion was styled as one to correct his sentence, he argued in his motion that his plea was not knowingly and voluntarily entered because he did not know about a fatal variance in the indictment, though he did not state the nature of the variance. Thus, he sought to challenge his convictions, not his sentence. "[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (686 SE2d 786) (2009). Any

appeal from an order denying such a motion must be dismissed. See id.; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Accordingly, because Davis's appeal does not raise a colorable void-sentence claim, his appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 01/08/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*