# Court of Appeals
# of the State of Georgia

ATLANTA,    August 06, 2014

*The Court of Appeals hereby passes the following order:*

## A14D0453.  ROBERT J. DAVIS v. THE STATE.

Robert J. Davis was convicted of aggravated stalking and given a sentence that includes an order permanently restraining him from contacting certain persons. Davis filed a "Motion to Vacate Illegal Judgment," arguing that his sentence is a nullity because it improperly imposes a condition on future parole.  The trial court denied the motion, and Davis filed a document titled "Direct Appeal" in this Court, along with supporting documents.  Because notices of direct appeal must be filed in the trial court, not the appellate court,[1] Davis's filing was docketed as an application for discretionary appeal.

Despite its caption, Davis's motion was actually a challenge to his sentence, not his conviction.  The denial of a motion to correct a void sentence is directly appealable and therefore does not require an application for discretionary appeal.  See *Harper v. State*, 286 Ga. 216 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009) (a direct appeal lies from an order denying a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal).

We will grant an otherwise timely discretionary application if the lower court's order is subject to direct appeal.  See OCGA § 5-6-35 (j).  Accordingly, this application is hereby GRANTED.  Davis shall have ten days from the date of this

---

[1] See OCGA § 5-6-37 ("[A]n appeal may be taken to the . . . Court of Appeals by filing <u>with the clerk of the court wherein the case was determined</u> a notice of appeal.") (emphasis supplied).

order to file a notice of appeal with the trial court.  The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 08/06/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*