# Court of Appeals
# of the State of Georgia

ATLANTA,  December 16, 2015

*The Court of Appeals hereby passes the following order:*

**A16A0539.  CEDRICK J. BRIDGES v. THE STATE.**

Cedrick J. Bridges negotiated a guilty plea to two RICO charges.  He later filed a pro se motion titled "Amend - Brady Motion - Discovery of Information."  In the pleading, Bridges wrote, "This motion should be treated as a motion to correct void judgment, because my guilty plea is a void judgment, because it was obtained by fraud on the court by prosecuting attorney."  The trial court denied the motion, and Bridges appeals.  We, however, lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case."  *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed.  See id. at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).  A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper*, supra at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Accordingly, when a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Bridges does not argue that his sentence fell outside the permissible statutory range; thus, he has not raised a colorable void sentence claim.  Accordingly, we lack

jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,*    12/16/2015
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

                    *Stephen E. Castlen*
_____, *Clerk.*