# Court of Appeals
# of the State of Georgia

ATLANTA,____July 14, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16D0447. JAMES MONROE DAILEY v. THE STATE.**

In 2006, a jury found James Monroe Dailey guilty of child molestation, rape, incest and first degree cruelty to children, and we affirmed his convictions on appeal. See *Dailey v. State*, 287 Ga. App. 706 (652 SE2d 599) (2007). In May 2016, Dailey filed two motions, one to set aside a void judgment and another to recuse the trial judge. In a single order, the trial court denied the motions. Dailey filed this application for discretionary appeal.[1] We, however, lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See id. at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper*, supra at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v.*

---

[1] Dailey also filed a direct appeal, which has been docketed as Case Number A16A2011.

*State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Dailey does not argue that his sentence fell outside the permissible statutory range; rather he asserts that his convictions were based upon perjured testimony. Because Dailey has not raised a colorable void-sentence claim, we lack jurisdiction to consider the denial of his motion to set aside his convictions.

To the extent Dailey seeks leave to appeal the denial of his motion to recuse, the order is now moot. A matter is moot if a ruling would have no practical effect on the alleged controversy. See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997). Given that Dailey has already been convicted and has no valid issues pending, the denial of his motion to recuse is moot. His application is thus subject to dismissal. See OCGA § 5-6-48 (b) (3).

For these reasons, Dailey's application for discretionary appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*    07/14/2016
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*