# Court of Appeals
# of the State of Georgia

ATLANTA,__October 25, 2016_____

*The Court of Appeals hereby passes the following order:*

**A17A0439.  JIMMY LEON GLOVER v. THE STATE.**

In 2003, Jimmy Leon Glover pled guilty to eight counts of forgery in the first degree.  On the first count, he was sentenced to ten years to serve concurrent with any sentence he was then serving. The court ordered that he serve six of the ten years in confinement and the remainder on probation.  On the remaining counts, he was sentenced to ten years probation to run consecutive to count one.  In August 2016, Glover filed a Motion to Correct Illegal Sentence, arguing that his sentence on counts 2 through 8, should be concurrent with, rather than consecutive to, his sentence for count 1.  The trial court denied his motion, and Glover filed this appeal.  We, however, lack jurisdiction.

A trial court has limited authority to modify a sentence after it is imposed. Pursuant to OCGA § 17-10-1 (f), a sentencing court may modify a sentence within one year of its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  See *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010).  Once this statutory period expires, as it has here, a sentencing court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  And a sentence is void only if it imposes punishment that the law does not allow.  *von Thomas v. State*, 293 Ga. 569, 571 (748 SE2d 446) (2013).

A direct appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 217 (1), n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  In this case, Glover does not contend that his sentence exceeds the statutory maximum. He has, therefore,

failed to raise a valid void-sentence claim.  See *Jones*, supra; *von Thomas*, supra. Because Glover did not raise a colorable argument that his sentence is void, the trial court's denial of his motion is not subject to direct appeal.  See *Frazier*, supra at 349. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
          *Clerk's Office, Atlanta,*_____10/25/2016_____
          *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
          *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*