# Court of Appeals
# of the State of Georgia

ATLANTA,   October 20, 2016

*The Court of Appeals hereby passes the following order:*

**A17A0276.  CRAIG L. JONES v. THE STATE.**

In 2012, Craig L. Jones pled guilty to battery, criminal trespass and aggravated stalking.[1] In July 2016, he filed a Notice and Demand for Order to Vacate Void Judgment.[2]  The trial court denied the motion, and Jones appeals.

Jones's motion is, in substance, an effort to set aside or vacate his convictions. As we informed Jones in our dismissal of his appeal in Case No. A16A1757, the Supreme Court has made clear that a post-conviction motion seeking to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed. See *Roberts v. State*, 286 Ga.

---

[1] Jones has been before this Court several times. He filed two untimely direct appeals — one from the trial court's order denying his motion to modify his sentence, and another from the trial court's order denying his request for a hearing – both of which we dismissed. See Case No. A14A1554 (decided May 6, 2014); Case No. A14A1556 (decided May 6, 2014). In addition, he filed an untimely discretionary application seeking review of the trial court's denial of his motion for minutes of a grand jury proceeding. See Case No. A15D0459 (decided July 9, 2015). He also appealed from the trial court's denial of a writ of mandamus, which we transferred to the Supreme Court. See Case No. A14A1555 (decided May 5, 2014).  Most recently, we dismissed his appeal from the trial court's order denying his motion to vacate void sentence, which was, in essence, an attempt to collaterally attack his convictions.  See Case No. A16A1757 (decided June 2, 2016).

[2] Alternatively, the motion sought the "recall of securities issued in breach of fiduciary duty, identity theft, theft by deception, and human trafficking."

532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 217 (1), n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Again, Jones's motion presented challenges to his convictions, not his sentence. Because Jones may not attack his convictions in this manner and because he did not assert a colorable void-sentence claim, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____10/20/2016_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*