# Court of Appeals
# of the State of Georgia

ATLANTA,  December 05, 2016

*The Court of Appeals hereby passes the following order:*

**A17A0591.  CEDRIC ARRINGTON v. THE STATE.**

In 2009, Cedric Arrington pled guilty to armed robbery and was sentenced to 18 years' imprisonment.  In 2016, he filed a motion to vacate a void sentence, which the trial court denied.  Arrington now appeals.  We lack jurisdiction because Arrington failed to raise a colorable void-sentence claim.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case."  *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed.  See id. at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).  An appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper*, supra at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that—even assuming the existence and validity of the conviction for which the sentence was imposed—the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  Accordingly, when a sentence falls within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

In his motion, Arrington argued that his sentence was void because he received ineffective assistance of counsel and the trial court engaged in an "irregular process" to determine whether his plea was voluntary.  These arguments, however, are

challenges to his conviction, not his sentence. See id. ("Rulings on pleadings asserting erroneous procedure or unfair treatment are not subject to direct appeal because they are not rulings on whether the sentence is void."); *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002) (allegation of ineffective assistance of counsel "goes only to challenge [defendant's] conviction"). Arrington also complained that his indictment was defective because it failed to include an additional charge of possession of a firearm during the commission of a felony.[1] Regardless of whether the State should have brought more charges against Arrington, this complaint does not challenge the validity of the sentence imposed on the charge which *was* brought and to which he pled guilty. Finally, Arrington argued that his sentence exceeded the maximum allowable punishment for his crime. But OCGA § 16-8-41 (b) provides that armed robbery is punishable by "imprisonment for life or by imprisonment for not less than ten nor more than 20 years." Arrington's 18-year sentence was within this statutory range.

Because Arrington did not raise a colorable void-sentence claim, this appeal is DISMISSED for lack of jurisdiction. See *Burg*, 297 Ga. App. at 120.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__12/05/2016_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____ *, Clerk.*

---

[1] The indictment alleged that Arrington took money from a store employee "by use of an object having the appearance of an offensive weapon, to wit: a firearm."