# Court of Appeals
# of the State of Georgia

ATLANTA,  January 03, 2017

*The Court of Appeals hereby passes the following order:*

**A17A0799. CURTIS LANCE WATSON v. THE STATE.**

In January 2013, Curtis Lance Watson pled guilty to possession of methamphetamine with intent to distribute. On September 15, 2016, Watson filed a "Motion for Consideration of Mitigating Circumstances" in which he asserted he received ineffective assistance of counsel. According to Watson, his counsel rendered ineffective assistance in agreeing to a banishment provision. Watson also asked the trial court to reconsider the banishment provision. The trial court denied the motion, and Watson appeals. We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a sentencing court has the authority to modify a sentence within one year of the date upon which the sentence is imposed, or within 120 days after receipt of the remittitur upon affirmance of the judgment after direct appeal, whichever is later.  Beyond this time, a sentencing court may only modify a sentence that is void. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). A direct appeal may lie from an order denying a motion to vacate a void sentence where the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  When a sentence is within the statutory range of punishment, it is not void. *Jones*, supra at 670.

Here, Watson argues that he received ineffective assistance of counsel, which does not constitute a valid void sentence claim. "Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void and therefore are not a means for post-appeal, post-§ 17-10-1 (f) sentence modification." *Jones*, supra at 670; *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002) (allegation of ineffective assistance of counsel was not colorable void- sentence claim). Because Watson has not raised a colorable void-sentence claim, we lack jurisdiction to consider his appeal. See *Burg*, supra at 120. Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __01/03/2017__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____, *Clerk.*