# Court of Appeals
# of the State of Georgia

ATLANTA, March 15, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1186. RANDALL BELCHER v. THE STATE.**

Randall Belcher was convicted of burglary and other crimes and sentenced as a recidivist under OCGA § 17-10-7 (c). On appeal, we affirmed his convictions in an unpublished opinion. See *Belcher v. State*, 326 Ga. App. XXV (Case No. A13A2355, decided March 21, 2014). Back in the trial court, Belcher filed a "Motion to Void and Mend Sentence," arguing that OCGA § 17-10-7 (c) was unconstitutionally vague and violated the due process clause in light of *Johnson v. United States*, __ U. S. __ (135 SCt 2551, 192 LE2d 569) (2015). The trial court rejected these constitutional challenges, and Belcher appealed to the Supreme Court of Georgia. That Court transferred the case to us, ruling that Belcher had "made no cogent argument that the language of OCGA § 17-10-7 (c) is unconstitutionally vague" and his appeal "d[id] not present any issue that would invoke [the Supreme] Court's jurisdiction over constitutional questions." We lack jurisdiction because Belcher has not raised a colorable void-sentence claim.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence . . ." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Belcher argued that his sentence was not authorized because OCGA § 17-10-7 (c) is unconstitutional on its face. In its transfer order, however, the Supreme Court ruled that Belcher had not raised a valid constitutional challenge. As Belcher did not argue that his sentence was void on any other basis, we are bound to conclude that he did not raise a colorable void-sentence claim. Accordingly, "the trial court's denial of [Belcher's] motion is not subject to a direct appeal, and we must dismiss." *Burg v. State*, 297 Ga. App. 118, 120 (676 SE2d 465) (2009). This appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  03/15/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*