# Court of Appeals
# of the State of Georgia

ATLANTA,  March 30, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1336.  LYNDON E. CARR v. THE STATE.**

Lyndon E. Carr was convicted of possession of cocaine with intent to distribute and possession of marijuana with intent to distribute.  We affirmed his convictions on appeal.  *Carr v. State*, 262 Ga. App. 676 (586 SE2d 337) (2003).  Carr later filed a motion to vacate his convictions, which the trial court dismissed.  He then filed this direct appeal.[1]

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case."  *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  Any appeal from an order denying or dismissing such a motion must be dismissed. See id. at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).  An appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper*, 286 Ga. at 217, n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  Thus,

---

[1] Carr also filed an application for discretionary appeal from the same order. Because he did not include a file-stamped copy of the order as required by Court of Appeals Rule 31 (c), we were unable to determine whether we had jurisdiction, and we dismissed the application.  See Case No. A17D0310 (dismissed March 16, 2017).

when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Carr does not argue that his sentence exceeded the legal limits for the crimes of which he was convicted. Instead, he appears to argue that the evidence was insufficient to show that he committed the offense of possession of cocaine with intent to distribute. As this is a challenge to the validity of his conviction, not his sentence, we lack jurisdiction. Accordingly, this appeal is hereby DISMISSED. See *Roberts*, supra.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__03/30/2017_____*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


_____ , *Clerk.*