# Court of Appeals
# of the State of Georgia

ATLANTA,  August 01, 2017

*The Court of Appeals hereby passes the following order:*

**A17A2094.  JASON ELDER v. THE STATE.**

In May 2000, Jason Elder was convicted of armed robbery, for which he was sentenced, as a recidivist, to life imprisonment.  Elder's conviction was affirmed on appeal.  See *Elder v. State*, 249 Ga. App. 868 (549 SE2d 825) (2001).  In May 2014, Elder filed a pro se motion to correct an illegal sentence and in January 2017, counsel filed an amended motion to modify void sentence on behalf of Elder.  The trial court denied the amended motion, and Elder filed this direct appeal.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009).  Once this statutory period expires, as it had here when Elder filed his motion, a trial court may modify a sentence only if it is void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  And a sentence is void only when the trial court imposes punishment that the law does not allow.  *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  *Harper v. State*, 286 Ga. 216, 217 n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118,

119 (676 SE2d 465) (2009).

In his amended void-sentence motion, Elder alleged that the State failed to provide proper notice of the prior armed robbery used to enhance his sentence. However, "such notice requirements are procedural and not substantive in nature. And the failure to adhere to such procedures . . . does not render sentences imposed without such procedures void so as to secure direct appellate review subsequent to the first appeal." *Ward v. State*, 299 Ga. App. 63, 64-65 (682 SE2d 128) (2009) (punctuation and citations omitted); see also *von Thomas*, 293 Ga. at 572-573 (2). Because Elder has not raised a colorable void-sentence argument, he is not entitled to a direct appeal and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

    *Clerk's Office, Atlanta,  08/01/2017*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*