# Court of Appeals
# of the State of Georgia

ATLANTA, August 24, 2017

*The Court of Appeals hereby passes the following order:*

## A17A1920.  THERON CROSKEY v. THE STATE.

On April 22, 2016, Theron Croskey pled guilty to numerous offenses, including aggravated battery, aggravated assault, damage to property, obstruction, theft by receiving stolen property, and possession of a firearm during the commission of a felony.  Croskey was sentenced to a total of 40 years, with 20 years to serve in confinement.  On April 25, 2017, Croskey filed several motions, including a motion for sentence modification.  The trial court denied that motion and Croskey filed this direct appeal.  We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had when Croskey filed his motion, a trial court may modify a sentence only if it is void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

A direct appeal may lie from the denial of a motion to correct a void sentence only if the defendant raises a colorable claim that the sentence is void.  *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court imposes a punishment that the law does not allow.  *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010).  Here, Croskey does not contend that his sentence exceeds the statutory maximum.  Instead, he claims the sentence is unfair.  Because Croskey has not raised a colorable argument that his sentence is void, the trial court's denial of his motion is not subject to direct appeal. Accordingly, this

appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,*   08/24/2017

     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*