# Court of Appeals
# of the State of Georgia

ATLANTA,  September 08, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0172. CHRISTOPHER CONLEY v. THE STATE.**

On January 29, 2010, Christopher Conley was convicted of one count of incest and six counts of child molestation and sentenced to fifty years in prison and ten years on probation. On July 17, 2017, Conley filed a motion to modify his sentence. The trial court summarily denied the motion, and Conley filed a timely notice of appeal. We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it has here, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). And a direct appeal may lie from the denial of a motion to modify or correct a sentence only if the defendant raises a colorable claim that the sentence is void. *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). But a sentence is void only when the trial court imposes a punishment that the law does not allow. *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010). Here, Conley does not argue that the trial court imposed a punishment that the law does not allow; rather, he claims that he received ineffective assistance of counsel. This is a challenge to his convictions, not his sentence. Because Conley has not raised a colorable argument that his sentence

is void, the trial court's denial of his motion is not subject to direct appeal. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, __09/08/2017__*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*