# Court of Appeals
# of the State of Georgia

ATLANTA,  September 19, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0022.  MICHAEL MCHAN v. THE STATE.**

On December 14, 2015, Michael McHan pleaded guilty to three counts of child molestation. He was initially sentenced to 20 years' imprisonment on Count 1, 20 years' imprisonment on Count 3, to run concurrently with Count 1, and 20 years on probation on Count 4, to run consecutively to Counts 1 and 3. After McHan filed his first motion to correct void sentence, in which he argued that the trial court was required to impose a split sentence for his convictions under OCGA § 17-10-6.2 (b), the trial court re-sentenced him to 20 years, to serve 19, on Count 1, 20 years on probation on Count 3, to run concurrently to Count 1, and 20 years on probation on Count 4, to run consecutively to Counts 1 and 3.

On January 27, 2017, McHan filed a second motion to vacate void sentence, this time arguing that his sentence is void because the trial court sentenced him to a term of imprisonment above the five-year mandatory minimum set by OCGA § 17-10-6.2 (b), in violation of *Alleyne v. United States*, 570 U. S. __ (133 SCt 2151, 186 LEd2d 314) (2013). He also asserts that there was no DNA evidence linking him to the crime. The trial court denied the motion, and McHan filed this direct appeal.[1]

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void

---

[1] McHan initially filed his notice of appeal to the Georgia Supreme Court (Case No. S17A1537), which then transferred the case to this Court.

sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, McHan's 20-year sentence falls within the statutory range of punishment. See OCGA § 16-6-4 (b) (1) (sentence for child molestation for a first-time offender is "not less than five nor more than 20 years"). McHan's reliance on *Alleyne* is misplaced. The trial court was not required to sentence McHan *only* to a five-year sentence on each count because five years is the mandatory minimum rather than the mandatory sentence. See id.; see also *New v. State*, 327 Ga. App. 87, 108 (5) (755 SE2d 568) (2014).

McHan's argument that there was no DNA evidence linking him to crime does not impact whether his sentence exceeds the statutory maximum. To the extent that McHan seeks to challenge his conviction, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

Accordingly, McHan has not raised a colorable argument that his sentence is void, and the trial court's denial of his motion is not subject to direct appeal. See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). This appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__09/19/2017_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.