# Court of Appeals
# of the State of Georgia

ATLANTA,  February 08, 2018

*The Court of Appeals hereby passes the following order:*

## A18A1019.  JIMMY CARTER v. THE STATE.

Jimmy Carter pled guilty to various drug crimes.  More than a year later, he filed a "Motion to Correct a Voidable Judgment," arguing that his convictions were void.  The trial court denied the motion, and Carter appeals.  We, however, lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case."  *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  The Supreme Court has explained that such a motion "is not one of the established procedures for challenging the validity of a judgment in a criminal case." *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).  Thus, any appeal from an order denying or dismissing such a motion must be dismissed.  Id.; *Harper*, 286 Ga. at 218 (2).

To the extent that Carter seeks to challenge his sentence, a direct appeal may lie from an order denying a motion to correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper*, 286 Ga. at 217 (1) n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Carter, however, does not assert that his sentence exceeds the most severe punishment authorized for the crimes to which he pled guilty.  Rather, he argues that

he received ineffective assistance of counsel and that there was insufficient proof of his prior convictions for the purpose of recidivist sentencing. These are not colorable void-sentence claims. See id. at 572-573 (2) (argument that the State failed to prove the existence of a prior conviction by admissible evidence does not present a claim that an ensuing enhanced sentence is void); *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002) (ineffective assistance of counsel claim "go[es] to the validity of [the defendant's] conviction rather than the validity of his sentence" (punctuation omitted)).

In the absence of a colorable void-sentence claim, this appeal is hereby DISMISSED. See *Burg*, 297 Ga. App. at 120.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,  02/08/2018*
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*