# Court of Appeals
# of the State of Georgia

ATLANTA,  February 28, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1213. MATTHEW JOSEPH PHILLIPS v. THE STATE.**

Matthew Joseph Phillips entered a negotiated guilty plea to a number of offenses, including criminal attempt to commit armed robbery. On February 9, 2016, the trial court sentenced him to 30 years, 15 years to be served in prison and the balance probated, and a fine of $2,000 on the criminal attempt charge. It does not appear that Phillips filed a direct appeal from these convictions. In October 2017, Phillips filed a motion to correct a void sentence, which the trial court denied. Phillips then filed this direct appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, as it has here, a direct appeal may lie from an order denying or dismissing a motion to correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 217 (1) n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Phillips argues that this sentence is void because it is in excess of the maximum punishment allowed by law. However, OCGA § 16-4-6 (a) proscribes that

"[a] person convicted of the offense of criminal attempt to commit a crime punishable by death or by life imprisonment shall be punished by imprisonment for not less than one year nor more than 30 years." Armed robbery is an offense that is punishable by life imprisonment. See OCGA § 16-8-41 (b). Accordingly, Phillips's sentence is not void as a matter of law. In the absence of a colorable void-sentence claim, we lack jurisdiction over this appeal, which is hereby DISMISSED.  See *Burg*, 297 Ga. App. at 119.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*   02/28/2018

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



*, Clerk.*