# Court of Appeals
# of the State of Georgia

ATLANTA,  May 17, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1837. GIBRAN RUSSELL EZELL v. THE STATE.**

Gibran Russell Ezell entered a non-negotiated plea to one count of armed robbery and numerous counts of aggravated assault, and he was sentenced on September 12, 2016. On September 13, 2017, Ezell filed a motion to reduce his sentence, requesting credit for time served and arguing his convictions were based on "unreliable facts." The trial court denied the motion, and Ezell filed this direct appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a sentencing court has the authority to modify a sentence within one year of the date upon which the sentence is imposed, or within 120 days after receipt of the remittitur upon affirmance of the judgment after direct appeal, whichever is later. Beyond this time, a sentencing court may only modify a sentence that is void. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). A direct appeal may lie from an order denying a motion to vacate a void sentence where the defendant raises a colorable claim that the sentence is, in fact, void.  See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  When a sentence is within the statutory range of punishment, it is not void. *Jones*, supra at 670.

Ezell's argument does not amount to a contention that his punishment was

unlawful. Rather, he seeks to challenge his convictions, and "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying such a motion must be dismissed. See id. at 218 (2); *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Accordingly, because Ezell's appeal does not raise a colorable void-sentence claim, his appeal is DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia
    Clerk's Office, Atlanta,  05/17/2019
    I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
    Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.