# Court of Appeals
# of the State of Georgia

ATLANTA,  August 14, 2019

*The Court of Appeals hereby passes the following order:*

**A19A2406.  TRACY QUALTROUGH v. THE STATE.**

In 2011, Tracy Qualtrough pled guilty to 124 counts of various crimes, including 35 counts of theft by taking by a fiduciary, and the trial court sentenced her to 60 years with 15 to serve.  In 2018, Qualtrough filed a "Motion to Clarify Sentence," arguing that sentence incorrectly states "[d]efendant is to serve a minimum of six years in prison," and should be corrected to add "with the balance on probation."  The trial court denied the motion, and Qualtrough appeals.  However, we lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, a trial court may modify only a void sentence.  Id. A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Qualtrough has not raised a valid void sentence claim.  She pled guilty to 35

counts of theft by taking by a fiduciary, which is punishable by imprisonment from one to fifteen years.  OCGA § 16-8-12 (a) (3).  Accordingly, Qualtrough's sentence falls within the applicable range. She has thus not raised a colorable void sentence claim, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   08/14/2019*
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*