# Court of Appeals
# of the State of Georgia

ATLANTA, August 01, 2019

*The Court of Appeals hereby passes the following order:*

## A19A2341. RICHARD ARTHUR SNIPES v. THE STATE.

In July 2011, Richard Arthur Snipes was convicted by a jury of possession of cocaine and found not guilty of possession of marijuana, possession of tools for the commission of a crime, and possession of a firearm during commission of a crime. Snipes was sentenced to seven years, and we affirmed his conviction on appeal. See *Snipes v. The State*, Case No. A18A0941 (decided Aug. 15, 2018).

After remittitur, Snipes filed a "Motion for Discharge and Acquittal (Plea of Autrefois Acquit) and Alternatively Motion for Re-Sentencing." Snipes's motion first argued that the statement in our opinion that a jury was authorized to find that he knowingly possessed "contraband" confirmed his conviction for possession of "contraband," not cocaine, and that because he was acquitted of possession of marijuana, which is contraband, his sentence for cocaine possession placed him in double jeopardy. The motion also argued that he should be sentenced for "possession of contraband" and that his sentence for cocaine possession was void. The trial court denied the motion,[1] and Snipes filed this appeal. We lack jurisdiction.

Here, notwithstanding Snipes's argument to the contrary, this Court affirmed his conviction for possession of cocaine. See *Snipes*, Case No. A18A0941 at 1 ("Snipes was convicted of possession of cocaine . . . For the reasons that follow, we affirm."). His argument fails to consider that cocaine is contraband. See, e.g., *Morales v. State*, 337 Ga. App. 614, 620 (3) (a) (788 SE2d 535) (2016) (referring to cocaine

---

[1] The trial court's order also granted the State's "Motion to Revoke Supersedes Bond and Impose Sentence," but he has not challenged that ruling on appeal.

as "contraband"); *Norman v. Yeager*, 335 Ga. App. 470, 473 (781 SE2d 580) (2016) ("A quintessential example of contraband per se is cocaine, the possession of which is unlawful under the Georgia Controlled Substances Act, OCGA § 16-13-30 (a)."). Moreover, this argument is in substance truly a challenge to his conviction for possession of cocaine, and the Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

Furthermore, because we have already affirmed Snipes's conviction for possession of cocaine, this second challenge to his conviction is barred by the law of the case. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (punctuation omitted); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a defendant "is not entitled to another bite at the apple by way of a second appeal").

Finally, to the extent Snipes is contending that his sentence is void, a direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). Here, the trial court sentenced Snipes to seven years, which is a lawful sentence for possession of cocaine.

See OCGA § 16-13-30. Snipes has thus not raised a colorable void sentence claim. Consequently, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta, 08/01/2019*
 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*