# Court of Appeals
# of the State of Georgia

ATLANTA,  November 25, 2019

*The Court of Appeals hereby passes the following order:*

**A20A0588. READALE M. THOMAS v. THE STATE.**

Readale Thomas pled guilty to voluntary manslaughter, and the trial court sentenced him to 20 years of confinement for this charge.[1] Thomas filed a motion to vacate a void sentence, which the trial court denied. Thomas appeals this ruling.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Thomas argues that his 25 year sentence for voluntary manslaughter exceeds the maximum sentence permitted by law. Thomas, however, was sentenced to 20 years for voluntary manslaughter, which is a permissible sentence. See OCGA § 16-5-2 (sentence for voluntary manslaughter is "not less than one nor more than 20 years").

---

[1] Thomas also pled guilty to criminal attempt to commit a felony, for which he received a sentence of 20 years of probation and possession of a firearm during the commission of a crime, for which he was sentenced to 5 years of confinement.

Thomas also seems to assert that his 5 year sentence for possession of a firearm during the commission of a felony should have merged with his sentence for voluntary manslaughter. These offenses do not merge. See *Clark v. State*, 206 Ga. App. 10, 11 (1) (424 SE2d 310) (1992) ("the offense of possession of a firearm during the commission of a crime is an offense separate and apart from voluntary manslaughter"). Because Thomas's sentence falls within the applicable range of punishment, he has not raised a colorable void sentence claim. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 11/25/2019
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*