# Court of Appeals
# of the State of Georgia

ATLANTA, __February 05, 2020__

*The Court of Appeals hereby passes the following order:*

**A20A1138.  EDWIN ESTANGLEY GARCIA v. THE STATE.**

In 2015, Edwin Garcia entered an *Alford*[1] plea to one count of trafficking cocaine and was sentenced to eight years in confinement and fined $100,000.00.  In 2019, Garcia filed a motion to correct a void sentence, arguing that his sentence was void, as it did not comply with OCGA § 16-13-31 (a) (1) (A).  The trial court entered an order denying his motion, and Garcia filed a notice of appeal.  However, we lack jurisdiction because Garcia fails to raise a colorable void-sentence claim.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that . . . the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Garcia argued that his sentence was void because the trial court failed to comply with OCGA § 16-13-31 (a) (1) (A), which requires a mandatory minimum sentence of ten years and a fine of $200,000.00.  OCGA § 16-13-31 (g) (2) (A), however, allows a trial court to depart from the mandatory minimum sentence under certain circumstances. The transcript shows that Garcia was sentenced pursuant to

---

[1]  *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970).

OCGA § 16-13-31 (g) (1) (B) (iv) (2014), and the State stipulated to the factors under OCGA § 16-13-31 (g) (2) (A) that allowed a departure from the minimum sentence. Accordingly, Garcia has not raised a colorable void-sentence claim, and the denial of his motion is not subject to direct appeal. See *Burg*, 297 Ga. App. at 120.

For the foregoing reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   02/05/2020*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*