## A09A1312. WARD v. THE STATE.
### (682 SE2d 128)

BLACKBURN, Presiding Judge.

Following a jury trial in 1999, Stephen Ward was convicted of burglary and sentenced as a recidivist under OCGA § 17-10-7 (c). He appealed his conviction, which we affirmed in 2000 in *Ward v. State*.[1] Eight years later in 2008, he filed a "Motion to Correct Void Sentence," arguing that his sentence was void because the State failed to give proper pretrial notice under former OCGA § 17-10-2 (a) (1999) of its intent to use Ward's prior convictions to seek recidivist punishment. Finding that proper notice was given on the day before

---

the trial, the trial court entered an order denying this motion, which order Ward has directly appealed to this Court. The State has moved to dismiss this appeal for lack of jurisdiction. For the reasons set forth below, we grant the State's motion and dismiss this appeal.

"Ordinarily, our determination on direct appeal of a criminal judgment is res judicata, and a criminal defendant is not entitled to another bite at the apple by way of a second appeal." (Punctuation omitted.) *King v. State*.[2] See *Watts v. State*.[3] Nevertheless, "[a] sentence that is void for any reason . . . is a mere nullity and may be vacated at any time in any court where it becomes material to the interest of the parties to consider it." (Punctuation omitted.) *King*, supra, 295 Ga. App. at 865 (1). Accordingly, the denial of a motion to correct or vacate a void sentence is directly appealable. Id.

However, in determining whether a purported motion to correct or vacate a void sentence is in fact such a motion, we look to the substance of the motion rather than its nomenclature. *Felder v. State*.[4] "[A] sentence is only void when the trial court imposes a punishment that the law does not allow." *Jordan v. State*.[5] "When the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification beyond that provided in OCGA § 17-10-1 (f)." *Jones v. State*.[6] See *Brown v. State*[7] ("post-appeal pleadings filed in the sentencing court seeking sentence modification must set forth why the sentence is void, i.e., how it imposes punishment the law does not allow") (punctuation omitted); *Diaz v. State*[8] ("as long as the sentence falls within statutory guidelines, it is not void"). If in fact the motion below did not seek to vacate or correct a sentence on the ground it was void but instead sought to vacate the sentence on other grounds (such as procedural defects), a direct appeal from the denial of this motion will be dismissed. *Miller v. State*.[9]

Here, the motion below contended only that the State failed to give proper notice under former OCGA § 17-10-2 (a) (1999) that it intended to use certain prior convictions of Ward to seek recidivist punishment. Such notice requirements are procedural and not substantive in nature. See *Miller*, supra, 264 Ga. App. at 803 (c). "And the failure to adhere to such procedures, while subject to *timely*

---

[2] *King v. State*, 295 Ga. App. 865, 865 (1) (673 SE2d 329) (2009).

[3] *Watts v. State*, 261 Ga. App. 29 (581 SE2d 625) (2003).

[4] *Felder v. State*, 274 Ga. 870, 871 (561 SE2d 88) (2002).

[5] *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).

[6] *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

[7] *Brown v. State*, 295 Ga. App. 66, 67 (670 SE2d 867) (2008).

[8] *Diaz v. State*, 279 Ga. App. 134, 136 (630 SE2d 618) (2006).

[9] *Miller v. State*, 264 Ga. App. 801, 804 (c) (592 SE2d 450) (2003).

appellate review as to whether sentence was 'lawfully imposed,' does not render sentences imposed without such procedures 'void' so as to secure [direct] appellate review" subsequent to the first appeal. (Emphasis in original.) Id. at 803-804 (c). See *Redden v. State*[10] ("the [S]tate's failure to provide the required notice [under former OCGA § 17-10-2 (a)] would not have resulted in a void sentence"). Cf. *Williams v. State*[11] ("a sentence imposed by a trial court in a non-death penalty case is not rendered void by the court's failure to conduct a presentence hearing under OCGA § 17-10-2"). Indeed, because Georgia law is clear that a defendant may waive such notice requirements[12] (see *Armstrong v. State*;[13] *Turner v. State*;[14] *Powell v. State*[15]), the lack of such notice cannot void the sentence. See *Miller*, supra, 264 Ga. App. at 803-804 (c).

The Supreme Court of Georgia explained this principle further in *Jones*, supra, 278 Ga. at 670-671:

> *Assertions taking issue with the procedure employed in imposing a valid sentence* or questioning the fairness of an imposed sentence do not allege a sentence is void and therefore are not a means for post-appeal, post-[OCGA] § 17-10-1 (f) sentence modification. We take this opportunity to clarify that the direct appeal . . . is limited to that taken from a sentencing court's ruling on a pleading which asserts the sentence imposed punishment the law does not allow. *Rulings on pleadings asserting erroneous procedure . . . are not subject to direct appeal because they are not rulings on whether the sentence is void.* Rather, a petition for writ of habeas corpus is the means for seeking sentence review for such allegations.

(Emphasis supplied.) See *Burg v. State*[16] ("[a]llegations that merely challenge the sentencing procedure . . . do not implicate voidness and cannot form the basis for a direct appeal"); *Reynolds v. State*[17] ("appeals on such rulings *are to be dismissed*, not affirmed") (emphasis in original).

Ward is not entitled to multiple bites at the apple. He chose not

---

[10] *Redden v. State*, 294 Ga. App. 879, 881 (1) (670 SE2d 552) (2008).

[11] *Williams v. State*, 271 Ga. 686, 691 (2) (523 SE2d 857) (1999).

[12] We note that in the trial and sentencing hearings below, Ward never raised any objection asserting the alleged lack of proper notice under former OCGA § 17-10-2 (a) (1999).

[13] *Armstrong v. State*, 264 Ga. 237, 239 (3) (442 SE2d 759) (1994).

[14] *Turner v. State*, 259 Ga. App. 902, 902 (1) (578 SE2d 570) (2003).

[15] *Powell v. State*, 229 Ga. App. 52, 53 (2) (494 SE2d 200) (1997).

[16] *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).

[17] *Reynolds v. State*, 272 Ga. App. 91, 95 (3) (611 SE2d 750) (2005).

to raise the issue of defective notice in his first appeal, and he cannot now raise it in a second appeal, as such a defect does not void the sentence. Because we lack jurisdiction to consider this appeal, we grant the State's motion to dismiss the appeal. See *Jones*, supra, 278 Ga. at 671; *Brown*, supra, 295 Ga. App. at 68; *Guice v. State*;[18] *Hughes v. State*;[19] *Reynolds*, supra, 272 Ga. App. at 95 (3).

*Appeal dismissed. Adams and Doyle, JJ., concur.*

DECIDED JUNE 10, 2009 —
RECONSIDERATION DISMISSED JULY 14, 2009.

Stephen A. Ward, *pro se.*
Gregory W. Edwards, *District Attorney*, for appellee.

---

[18] *Guice v. State*, 282 Ga. App. 747, 748-749 (2) (639 SE2d 636) (2006).

[19] *Hughes v. State*, 273 Ga. App. 705, 706 (615 SE2d 819) (2005).