A09A2313. MOSLEY v. THE STATE.
(686 SE2d 833)

MIKELL, Judge.
After a jury trial in October 1993, Shawn C. Mosley was convicted of sale of cocaine and was sentenced as a recidivist to life in prison. We affirmed Mosley's conviction in *Mosely v. State*.[1] Almost

---

[1] 217 Ga. App. 507 (458 SE2d 165) (1995). Appellant's name appears to have been spelled

13 years later, Mosley filed an extraordinary motion to correct void and illegal sentence, which the trial court denied. In his pro se appeal, Mosley challenges the trial court's ruling in several enumerations of error, all of which assert as error the state's failure to provide notice that it intended to use Mosley's prior drug conviction in aggravation of his sentence. Mosley admits that his trial counsel received a copy of the prior conviction but maintains that it should not have been used since its purpose was not expressly stated. The state has moved to dismiss this appeal for lack of jurisdiction. For the reasons set forth in *Ward v. State*,[2] we grant the state's motion and dismiss Mosley's appeal.

In *Ward*,[3] we rejected the same argument that Mosley raises in the instant case. In that case, the defendant filed a motion to correct void sentence eight years after his conviction, arguing that his sentence was void because the state failed to give the proper pretrial notice of its intent to use the defendant's prior conviction to seek recidivist punishment.[4] As stated therein,

> [o]rdinarily, our determination on direct appeal of a criminal judgment is res judicata, and a criminal defendant is not entitled to another bite at the apple by way of a second appeal. Nevertheless, a sentence that is void for any reason is a mere nullity and may be vacated at any time in any court where it becomes material to the interest of the parties to consider it. Accordingly, the denial of a motion to correct or vacate a void sentence is directly appealable. However, in determining whether a purported motion to correct or vacate a void sentence is in fact such a motion, we look to the substance of the motion rather than its nomenclature. A sentence is only void when the trial court imposes a punishment that the law does not allow. When the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification beyond that provided in OCGA § 17-10-1 (f).[5]

In the case sub judice, Mosley was sentenced to life imprisonment for a second drug conviction pursuant to OCGA § 16-13-30 (d), which permitted the imposition of a life sentence. Thus, Mosley's sentence

---

incorrectly in the opinion.
    [2] 299 Ga. App. 63 (682 SE2d 128) (2009).
    [3] Id.
    [4] Id.
    [5] (Citations, punctuation and footnotes omitted.) Id. at 64.

is not void as a matter of law.

Mosley's argument that the proper pretrial notice was not given before the state used his prior conviction in aggravation of punishment is procedural rather than substantive in nature.[6] As pointed out in *Ward*, our Supreme Court has held that

> [a]ssertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void and therefore are not a means for post-appeal, post-OCGA § 17-10-1 (f) sentence modification. . . . Rulings on pleadings asserting erroneous procedure [or unfair treatment] are not subject to direct appeal because they are not rulings on whether the sentence is void. Rather, a petition for writ of habeas corpus is the means for seeking sentence review for such allegations.[7]

Accordingly, since Mosley's motion sought to vacate the sentence on a procedural defect, we are authorized to dismiss his direct appeal from the denial of the motion.[8] Mosley did not raise the issue of a defective notice in his first appeal, "and he cannot now raise it in a second appeal, as such a defect does not void the sentence. Because we lack jurisdiction to consider this appeal, we grant the State's motion to dismiss the appeal."[9]

*Appeal dismissed. Johnson, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 13, 2009 —

Shawn C. Mosley, *pro se*.

*Fredric D. Bright, District Attorney, Stephen A. Bradley, Assistant District Attorney*, for appellee.

---

[6] Id., citing *Miller v. State*, 264 Ga. App. 801, 803 (c) (592 SE2d 450) (2003) ("pre-sentence hearing requirements of OCGA § 17-10-2, are procedural and not substantive in nature").

[7] (Citation, punctuation, footnote and emphasis omitted.) *Ward*, supra at 65, citing *Jones v. State*, 278 Ga. 669, 670-671 (604 SE2d 483) (2004).

[8] See *Ward*, supra at 65-66.

[9] (Citations and footnotes omitted.) Id.