# Court of Appeals
# of the State of Georgia

ATLANTA,    April 01, 2014

*The Court of Appeals hereby passes the following order:*

**A14A0917.  TROY FRANKLIN WADE v. THE STATE.**

Troy Franklin Wade was charged with multiple offenses, including two counts of aggravated assault.  He pled guilty and, in September 2007, received concurrent sentences of 20 years' imprisonment and 20 years' probation.  In 2013, he filed a Motion to Correct Void Sentence, arguing that his sentences are void because confinement and probation are mutually exclusive.  The trial court denied the motion, and Wade filed this appeal.  We lack jurisdiction.

A direct appeal lies from the denial of a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 218 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). But a sentence is void only if it imposes punishment that the law does not allow.  *Von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013). And a sentence that falls within the statutory range of punishment is not void. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Wade does not contend that his sentence is greater than the law allows, and his 20-year sentence is within the statutory range.  See OCGA § 16-5-21. Accordingly, Wade has failed to raise a colorable claim that his sentence is void. This appeal is therefore DISMISSED for lack of jurisdiction.  See *Mosley v. State*, 301 Ga. App. 47, 49 (686 SE2d 833) (2009).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 04/01/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*                , *Clerk.*