# Court of Appeals
# of the State of Georgia

ATLANTA,    May 04, 2015

*The Court of Appeals hereby passes the following order:*

## A15A1539.  TONY E. FLOYD v. THE STATE.

In 2002, Tony E. Floyd was convicted of armed robbery and sentenced as a recidivist to life imprisonment.  We affirmed his conviction in an unpublished opinion.  See Case No. A09A1841 (decided January 28, 2010).  In 2015, Floyd filed a motion to void his illegal sentence, which the trial court denied.  Floyd now appeals.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010). Once this statutory period expires, as it had here when Floyd filed his motion, a trial court may modify a sentence only if it is void.  See id.  A sentence is void only if it imposes punishment that the law does not allow.  *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). "Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void."  (Citation and punctuation omitted.) *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010).

In his void-sentence motion, Floyd alleged that the State failed to provide proper notice of its intent to charge him as a recidivist.  However, "such notice requirements are procedural and not substantive in nature.  And the failure to adhere to such procedures . . . does not render sentences imposed without such procedures 'void' so as to secure direct appellate review subsequent to the first appeal." (Punctuation and citations omitted.)  *Ward v. State*, 299 Ga. App. 63, 64-65 (682 SE2d 128) (2009); see also *Von Thomas*, supra at 572-573.  Because Floyd did not raise a colorable void-sentence argument, his appeal is hereby DISMISSED for lack

of jurisdiction.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* _____05/04/2015_____
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*