# Court of Appeals
# of the State of Georgia

ATLANTA,  July 19, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0535. CHARLES WILLIAMS v. THE STATE.**

In May 2015, Charles Williams pled guilty to burglary and was sentenced as a recidivist to 15 years. Two years later, Williams filed a motion to vacate a void sentence. The trial court denied the motion, and Williams filed this application for discretionary appeal. We lack jurisdiction.

As a threshold matter, we note that no provision of OCGA § 5-6-35, the discretionary appeal statute, appears to apply to this case. Ordinarily, we will grant a timely application when the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Here, however, the trial court's order is not subject to direct appeal.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had here when Williams filed his motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). A sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). Accordingly, "[m]otions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). A

direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, supra at 119.

In his void-sentence motion, Williams argued that the State failed to provide proper notice of the prior felony offenses used to enhance his sentence. However, "[s]uch notice requirements are procedural and not substantive in nature. And the failure to adhere to such procedures . . . does not render sentences imposed without such procedures 'void' so as to secure direct appellate review subsequent to the first appeal." *Ward v. State*, 299 Ga. App. 63, 64-65 (682 SE2d 128) (2009) (citations and punctuation omitted); see also *von Thomas*, supra at 572-573 (2). Because Williams has not raised a colorable void-sentence argument, he is not entitled to a direct appeal and this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   07/19/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*