# Court of Appeals
# of the State of Georgia

ATLANTA,  March 22, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1383. WILLIAM CHAPMAN v. THE STATE.**

In 2008, a jury found William Chapman guilty of attempted burglary and attempted rape, and his convictions were affirmed on appeal.[1] See *Chapman v. State*, 318 Ga. App. 514 (733 SE2d 848) (2012). In 2016, Chapman moved to vacate his sentence, arguing that the State's failure to provide notice of its intent to seek recidivist punishment rendered it void. The trial court denied the motion, and Chapman appeals this ruling.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009).  Once this statutory period expires, as it had here when Chapman filed his motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones*, 278 Ga. at 670.

---

[1] Chapman was sentenced as a recidivist to ten years for attempted burglary and ten years for attempted rape, to run consecutively.

Here, Chapman does not argue that his sentence falls outside the permissible statutory range; rather, he contends that the State failed to follow the appropriate procedure in seeking recidivist punishment. But the State's failure to provide proper notice of intent to seek recidivist punishment does not render the subsequent sentence void. See *Ward v. State*, 299 Ga. App. 63, 64-65 (682 SE2d 128) (2009). Because Chapman has not raised a valid void-sentence claim, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   03/22/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*, Clerk.*