# Court of Appeals
# of the State of Georgia

ATLANTA,_ May 23, 2018 _____

*The Court of Appeals hereby passes the following order:*

**A18A1591, A18A1592.  HERSCHEL G. BYRD v. THE STATE (two cases).**

In 2007 Herschel G. Byrd entered a negotiated guilty plea to a number of charges, including involuntary manslaughter.  In 2017, Byrd filed two virtually identical motions to vacate a "void illegal sentence", arguing that his convictions were unconstitutionally vague, insufficient evidence supported his convictions, his convictions violated the double jeopardy clause, and his prior convictions classifying him as a recidivist were invalid.  The trial court denied both motions in a single order, and Byrd filed two direct appeals.  We however, lack jurisdiction.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  When a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). Assertions taking issue with the procedure employed in imposing the sentence do not constitute colorable void-sentence claims.  *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010).

Here, Byrd does not argue that his sentence falls outside the permissible statutory range, but instead alleges various constitutional violations and challenges

his status as a recidivist. Such challenges do not raise a colorable void sentence claim. See *von Thomas*, 293 Ga. at 572; *Ward v. State*, 299 Ga. App. 63, 64-65 (682 SE2d 128) (2009). Accordingly, because Byrd does not raise a valid void sentence claim, Case Nos. A18A1591 and A18A1592 are hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  05/23/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*