# Court of Appeals
# of the State of Georgia

ATLANTA,  June 20, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1395.  GREGORY N. PATTERSON v. THE STATE.**

In September 2014, Gregory Patterson entered a negotiated plea of guilty to burglary in the first degree, aggravated assault, and escape. He was sentenced to 20 years, with the first 10 years to be served in prison and the remainder to be served on probation. On December 18, 2017, Patterson filed a motion to correct void sentence, asserting that his sentence was void because he was not sentenced to 20 years to serve, but instead received a 20 year sentence with 10 years to serve and the remainder on probation. The trial court denied the motion, and Patterson filed this appeal. We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had here when Patterson filed his motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones*, 278 Ga. at 670.

In his brief on appeal, Paterson does not argue that his sentence falls outside

the permissible statutory range; rather, he contends that the State failed to follow the appropriate procedure in seeking recidivist punishment by not giving him notice and in failing to prove the existence his prior convictions.[1] But the State's failure to provide proper notice of intent to seek recidivist punishment does not render the subsequent sentence void. See *Ward v. State*, 299 Ga. App. 63, 64-65 (682 SE2d 128) (2009). In addition, a claim that the State failed to prove the existence of a prior conviction by admissible evidence may be waived and therefore does not present a colorable claim that an ensuing enhanced sentence is void. *von Thomas*, 293 Ga. at 572-573 (2). As to the claim Patterson originally raised before the trial court, OCGA § 17-10-7 allows the court to probate or suspend a portion of a recidivist sentence. See *Barney v. State*, 333 Ga. App. 807, 814 (4) (777 SE2d 490) (2015). Accordingly, Patterson's 20-year sentence with the first 10 years to be served in prison is not more severe than the law allows, and it is not void. See *Brown v. State*, 295 Ga. App. 66, 67-68 (670 SE2d 867) (2008); OCGA § 16-7-1 (b) (20-year maximum sentence for burglary in the first degree for first-time offenders)

Because Patterson has not raised a valid void-sentence claim, he is not entitled to a direct appeal, and this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,    06/20/2018    *
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[1] Patterson raised similar arguments in a previous appeal from the denial of a motion to correct void sentence, which we dismissed for lack of jurisdiction because he failed to raise a colorable void sentence claim. See Case No.A18A0812 (dismissed December 1, 2017).