# Court of Appeals
# of the State of Georgia

ATLANTA,　August 02, 2018

*The Court of Appeals hereby passes the following order:*

**A19D0007.  MARION CORDY v. THE STATE.**

In 2000, a jury found Marion Cordy guilty of armed robbery, possession of a firearm during the commission of the robbery, and possession of a firearm by a convicted felon.  The trial court sentenced Cordy to life in prison without parole.  We affirmed his convictions and sentence on direct appeal.  See *Cordy v. State*, 257 Ga. App. 726 (572 SE2d 73) (2002).  In 2018, Cordy filed a motion to vacate void sentence,[1] arguing that the trial court failed to follow the proper procedures in assigning a new judge to his case.  On May 1, 2018, the trial court denied Cordy's motion, and on July 11, 2018 he filed this application for discretionary review.  We lack jurisdiction for two reasons.

First, Cordy's application is untimely.  An application for discretionary appeal must be filed within 30 days of the entry of the order or judgment to be appealed.  See OCGA § 5-6-35 (d).  The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal made beyond 30 days.  See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989).  Here, Cordy filed his application 71 days after the trial court entered its order.

Second, Cordy does not raise a valid void sentence claim.  Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory

---

[1] We affirmed the trial court's denial of a different motion to vacate void sentence that raised different issues in *Cordy v. State*, Case No. A15A0609 (decided Feb. 3, 2015).

period expires, an appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n. 1 (1) (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Cordy does not argue that his sentence falls outside the permissible statutory range, but instead challenges the procedures employed by the trial court. Such a challenge does not raise a colorable void sentence claim. See *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010); *Ward v. State*, 299 Ga. App. 63, 64-65 (682 SE2d 128) (2009). And, to the extent Cordy challenges his conviction, a post-conviction motion seeking to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a motion should be dismissed. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).

Accordingly, for the reasons stated above, this application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__08/02/2018_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


*, Clerk.*