# Court of Appeals
# of the State of Georgia

ATLANTA,  May 22, 2024

*The Court of Appeals hereby passes the following order:*

**A24A1424. JERRY DWAYNE ADAMS v. THE STATE.**

In 2003, a jury found Jerry Dwayne Adams guilty of two counts of kidnapping with bodily injury, hijacking a motor vehicle, and battery. Adams's convictions were affirmed on appeal. *Adams v. State*, 276 Ga. App. 319 (623 SE2d 525) (2005). In March 2024, Adams filed a motion to vacate an illegal sentence, arguing that his convictions for kidnapping with bodily injury and battery should have merged with his conviction for hijacking a motor vehicle. Adams also argued that the trial court should have held a pre-sentence hearing on the merger issue. The trial court subsequently denied the motion, and Adams filed this direct appeal.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348; *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009).

Adams has not raised a colorable claim that his sentences are void because his arguments have no bearing on whether the sentences fall within the statutory ranges

of permissible punishments for the crimes of which he was convicted. See *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."). Rather, Adams raises a merger argument. This merger claim, however, is a challenge to his convictions, not his sentence, and thus does not state a valid void-sentence claim. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010) (merger argument constitutes a challenge to conviction). Similarly, Adams's claim that the trial court erred in failing to hold a pre-sentence hearing does not call into question the validity of his sentence and therefore does not state a valid void-sentence claim. Claims taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void. *Mosley v. State*, 301 Ga. App. 47, 49 (686 SE2d 833) (2009).

Accordingly, because Adams has not raised a colorable void-sentence claim, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__05/22/2024_____*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*